**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **HECTOR ALEJANDRO NOEGGERATH,** § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:15-cv-00536-K |
| **CHASE MANHATTAN MORTGAGE,** § | |
| **A DIVISION OF JPMORGAN CHASE** § | |
| **BANK, N.A. D/B/A CHASE,** § | |
| Defendant. § | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE:

As required by the Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (Dkt. No. 9), Hector Alejandro Noeggerath (the "Plaintiff") and JPMorgan Chase Bank, N.A. (the "Defendant") submit this Joint Report Regarding Contents of Scheduling Order as follows:

**1.     A brief statement of the claims and defenses.**

The Plaintiff is the borrower/mortgagor on a mortgage loan that was secured by real property in Duncanville, Texas.  The Plaintiff received a chapter 7 bankruptcy discharge on September 12, 2011 and did not reaffirm the mortgage in the bankruptcy case.  The Plaintiff alleges that the Defendant engaged in collection efforts against him after the bankruptcy discharge by making credit inquiries on his credit reports.  He asserts causes of action for violations of the Fair Credit Reporting Act, violations of the Texas Debt Collection Act, common law invasion of privacy, and violations of the chapter 7 bankruptcy discharge injunction.  He seeks to recover actual, statutory, and punitive damages and attorneys' fees and expenses.

The Defendant denies engaging in any collection efforts against the Plaintiff after the bankruptcy discharge, denies that the Plaintiff suffered damages from the conduct alleged, and

assert several affirmative defenses to his causes of action. The Defendant is continuing to investigate the Plaintiff's claims.

2.  **A proposed time limit to file motions for leave to join other parties.**

    September 3, 2015.

3.  **A proposed time limit to file motions for leave to amend the pleadings.**

    September 3, 2015.

4.  **Proposed time limits to file various types of motions, including dispositive motions. The Court prefers the deadline for dispositive motions to be 120 days before trial.**

    The parties propose the following a deadline of February 15, 2016 for filing dispositive motions.

5.  **A proposed time limit for initial designation of experts.**

    October 15, 2015.

6.  **A proposed time limit for responsive designation of experts.**

    December 2, 2015.

7.  **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions).**

    January 15, 2016.

8.  **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited or focused upon particular issues.**

    a.  **A proposed plan and schedule for discovery.** The parties propose that electronically stored information should be produced by printing (in hard copy or to a CD) the information in the format most commonly used by the producing party. The parties' other proposals for a discovery plan and schedule for discovery are addressed below.

    b.  **A statement of the subjects on which discovery may be needed.**

The Plaintiff expects that discovery will be needed on the following subjects:
- the date and reason for all credit report inquiries the Defendant made into the Plaintiffs' Experian credit reports on or after September 12, 2011;
- Defendant's intentions with regard to Plaintiff's discharged account;
- Agreements, whether specific or general, between Defendant and any other entity with regard to Plaintiff's account;
- Defendant's policies, procedural manuals and/or training materials regarding the collection of accounts discharged in bankruptcy;
- Plaintiff's archived Experian credit files (showing the precise dates and purposes for which Defendant purported to access Plaintiffs credit report);
- Plaintiff's archived Experian credit reports;
- Agreements and/or certifications by or between Experian and Defendant regarding accessing credit files;
- Agreements and/or certifications by or between Experian and Defendant regarding the reporting of discharged mortgage accounts where the property was surrendered;
- Defendant's policies, procedural manuals and/or training materials ensuring that credit files are requested, obtained and/or furnished only for permissible purposes;
- Has the Defendant received payments from any entity regarding servicing the account which is the subject of this suit after the discharge;
- Was the Defendant paid to pull Plaintiff's credit reports and to send Plaintiff demands for payment by any party after the debt was discharged in bankruptcy;
- Servicing agreements or other contracts which cover continued payments to Defendant for collection efforts which occurred after the discharge;
- the Defendant's knowledge of the Plaintiffs' bankruptcy filing and bankruptcy discharge;
- all information the Defendant submitted to Experian concerning the Plaintiff on or after September 12, 2011; and
- all information related to the sale or transfer of the discharged account to the Defendant.

The Defendant expects that discovery will be needed on the following subjects:
- communications between Plaintiff and Defendant after September 12, 2011;
- credit inquiries by Defendant on Plaintiff's credit report after September 12, 2011;
- the Plaintiff's alleged damages; and
- the amount, necessity, and reasonableness of Plaintiff's attorneys' fees and expenses.

      **c.**    **A time limit to complete factual discovery and expert discovery.** The parties proposed that factual discovery and expert discovery be completed by January 15, 2016.

      **d.**    **A statement of whether discovery should be conducted in phases or limited or focused upon particular issues.** The parties propose that discovery should not be conducted in phases or focused on particular issues except to the extent limited by the Federal Rules of Civil Procedure and applicable case law.

**9.**     **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties propose that no changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's local rules and that no other limitations should be imposed.

**10.**     **A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded. (The parties should note that the Court operates a three-week docket beginning the first Monday of each Month. Therefore, the parties should propose a trial date which corresponds to the first Monday of the agreed upon month.)**

June 6, 2016.

**11.**     **A proposed date for further settlement negotiations.**

May 15, 2015.

**12.**     **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

No objections were asserted, and the parties do not propose any other modifications. The parties propose to exchange Rule 26(a)(1) initial disclosures by April 24, 2015.

**13.**     **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge.**

The parties will not consent to a trial before a U.S. Magistrate Judge.

14. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

   The parties do not believe that mediation would facilitate or enhance the chances of settlement at this time. The parties will not agree to arbitration due to the additional expense and extremely limited appellate rights. Both parties agree that this lawsuit should be resolved by trial in this Court if they are not able to reach a settlement.

15. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

   None.

16. **Whether a conference with the Court is desired and the reasons for requesting a conference.**

   The parties do not desire a conference with the Court at this time.

17. **Any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c).**

   None.

        Respectfully submitted,

        */s/ James J. Manchee*
        WILLIAM L. MANCHEE
        Texas Bar No. 12891200
        JAMES J. MANCHEE
        Texas Bar No. 00796988
        MANCHEE & MANCHEE, LLP
        12221 Merit Drive, Suite 950
        Dallas, Texas 75251
        (972) 960-2240 Telephone
        (972) 233-0713 Facsimile
        ATTORNEYS FOR THE PLAINTIFF

        and

        QUILLING, SELANDER, LOWNDS
            WINSLETT & MOSER, P.C.
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201-4240
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)

        By:   */s/ Kenneth A. Hill*
            Wm. Lance Lewis
            State Bar No. 12314560
            Kenneth A. Hill
            State Bar No. 09646950
        ATTORNEYS FOR THE DEFENDANT

4852-8336-4130, v. 2